UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN MCCLATCHEY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO CLEARING SERVICES, LLC,<br><br>Defendant. | CASE NO. 3:23-CV-587-PPS-MGG |

**OPINION and ORDER**

Plaintiff Steven McClatchey worked as a financial advisor at Defendant Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors ("WFA") from March 2013 until he was terminated in May 2021. [DE 4 at 3, ¶12; DE 14 at 12]. He alleges that, after he was terminated, WFA made false statements on forms it submitted to the Finance Industry Regulatory Authority ("FINRA") and that WFA did so because he had filed discrimination complaints. McClatchey then filed this case against WFA alleging claims of defamation and retaliation in the St. Joseph Superior Court. WFA timely removed the case to this Court on June 26, 2023. WFA now moves to compel arbitration of McClatchey's defamation claim. WFA also seeks to stay litigation on McClatchey's retaliation claim while arbitration is pending.

There is no dispute that McClatchey's defamation claim is subject to arbitration. [DE 14 at 1, DE 20 at 4]. And there is no dispute that McClatchey's retaliation claim is not subject to arbitration. Instead, what the parties dispute is what to do with the

retaliation claim while arbitration is pending. As stated, WFA contends that litigation on the retaliation claim should be stayed pending arbitration. McClatchey, however, maintains that litigation on the retaliation claim should proceed.

As discussed below, the Court grants WFA's motion in its entirety, and the Court accordingly stays litigation the non-arbitrable retaliation claim pending the outcome of arbitration on the defamation claim.

## I.     Background

FINRA is a not-for-profit self-regulatory national securities organization formed under the Securities Exchange Act of 1934, 15 U.S.C. § 78*o*–3. FINRA oversees brokerage investment firms and their employees who market securities to the public. Firms that deal in securities and individual securities brokers—like WFA and McClatchey—must register with FINRA and abide by their rules. *See Aslin v. Fin. Indus. Regul. Auth., Inc.,* 704 F.3d 475, 476 (7th Cir. 2013). Accordingly, McClatchey completed an application for securities industry registration or transfer with FINRA—commonly referred to as the Form U4—at the beginning of his employment at WFA in March 2013. This form included the following arbitration agreement:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

[DE 14 at 25, ¶15A.5.].

McClatchey worked at WFA until May 2021. McClatchey maintains that he was a high performing employee and had a profitable book of business during his time there.

McClatchey also alleges that his success caused him to receive attention from other WFA employees—including attention that involved attempts to sabotage his employment. He contends these actions were racially motivated, as he was the only black licensed financial advisor in his area, and all other financial advisors and managers were non-black employees. McClatchey also maintains that he complained to his supervisors and other employees about these issues but was told "to work said issues out on his own." [DE 4 at 2, ¶11].

WFA terminated McClatchey's employment in May 2021. When WFA terminated him, it needed to complete another FINRA form—the Form U5—to terminate his registration and explain why McClatchey separated from his employment there. WFA filed McClatchey's Form U5 on June 1, 2021. Shortly after WFA submitted this form, McClatchey submitted discrimination complaints: first, a complaint to the U.S. Equal Employment Opportunity Commission and the South Bend Human Rights Commission, and second, a complaint directly to WFA through its company complaint system. McClatchey alleges that, upon receipt of these complaints, WFA modified his Form U5. The modified Form U5 then stated that he was under two investigations at the time of his termination and that both involved misconduct. McClatchey maintains that this was false, and that WFA made these modifications in retaliation for his filing of discrimination complaints. McClatchey further alleges that, because of the statements WFA made in his modified Form U5, a prospective employer rescinded an offer of employment.

**II.    Discussion**

Under the Federal Arbitration Act ("FAA"):

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Thus, "[f]or arbitrable issues, a § 3 stay is mandatory." *Volkswagen of America v. Sud's of Peoria*, 474 F.3d 966, 971 (7th Cir. 2007). Accordingly, courts grant motions to compel arbitration when there is an enforceable written agreement to arbitrate and a dispute that falls within the scope of that arbitration agreement. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018).

As stated, the parties agree that McClatchey's defamation claim must be stayed based on the arbitration clause in the Form U4. But the parties dispute what this Court should do with McClatchey's retaliation claim while arbitration proceeds on his defamation claim. "When the [c]ourt is confronted with a mix of arbitrable and non-arbitrable issues, 'the FAA does not give courts express guidance on how to proceed.'" *Slinger Mfg. Co. v. Nemak, S.A.*, No. 08-C-656, 2008 WL 4425889, at *5 (E.D. Wis. Sept. 24, 2008) (quoting *Volkswagen of America, Inc.*, 474 F.3d at 971). Whether the court should stay non-arbitrable claims while arbitration proceeds is a matter of discretion. *Volkswagen of America, Inc.*, 474 F.3d at 972. The court must weigh "the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays." *Id.* (quoting *AgGrow Oils,*

4

*L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 242 F.3d 777, 783 (8th Cir. 2001)). Courts "actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court." *Id.* Likewise, a court may abuse its discretion if it declines to stay non-arbitrable claims when "the pending arbitration is 'likely to resolve issues material to the lawsuit.'" *Id.* (internal citation omitted).

WFA contends that a stay of the entire case is appropriate because both the defamation and retaliation claims rest on McClatchey's assertion that the statements WFA made in McClatchey's modified Form U5 were false. Thus, WFA contends that arbitration will resolve this central issue asserted in both claims without risking inconsistent rulings. In response, McClatchey contends that his claims are significantly different and not dependent on one another, as there are no overlapping elements or issues. McClatchey contends that his retaliation claim can prevail even if WFA's statements in his modified Form U5 are not false because he could still show that WFA would not have amended his Form U5 had he not filed his discrimination complaints. Thus, McClatchey contends that resolution of his defamation claim will not clarify any element of his retaliation claim and staying the case will only cause unnecessary delay.

The Court begins by considering the elements of McClatchey's claims. On his retaliation claim, McClatchey must show that "(1) he engaged in a protected activity, (2) he suffered an adverse action, and (3) a causal connection exists between the activity and the adverse action." *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018). To prevail on this defamation claim, McClatchey must show "(1) a communication with defamatory

5

imputation, (2) malice, (3) publication, and (4) damages." *Denman v. St. Vincent Med. Grp., Inc.*, 176 N.E.3d 480, 493 (Ind. Ct. App. 2021). As McClatchey contends, the elements of the claims are indeed distinct. That said, McClatchey's complaint plainly shows that his claims are based on the same facts. McClatchey alleges in his retaliation claim that "[t]he additions to [McClatchey's] Form U5 were false and added in retaliation for [McClatchey's] protected activity." [DE 4 at 4, ¶29]. Similarly, in his defamation claim, McClatchey maintains that WFA's "statements on [McClatchey's] revised Form U5 were not true and defamatory" and that WFA "knew these statements on [McClatchey's] revised Form U5 were not true when it revised [his] Form U5." [*Id.* at 5, ¶¶32-33].

WFA directs this court to several decisions from this circuit where courts stayed litigation of non-arbitrable claims when the claims' factual allegations overlap with those alleged in the arbitrable claims. *See, e.g.*, *G&G Closed Cir. Events, LLC v. Castillo*, No. 14-CV-02073, 2017 WL 1079241, at *10 (N.D. Ill. Mar. 22, 2017)(staying nonarbitrable claims when "[c]losely related factual questions . . . will be front and center in the arbitration"); and *WMS Gaming, Inc. v. IGT*, 31 F. Supp. 3d 974, 979 (N.D. Ill. 2014) (staying case because the "arbitrable issue is too closely tied to the non-arbitrable issues in the complaint"); *see also Elsasser v. DV Trading, LLC*, 444 F. Supp. 3d 916, 929 (N.D. Ill. 2020) (staying a non-arbitrable retaliation claim because "it seems plain enough that the facts alleged in plaintiffs' whistleblower retaliation claim run a substantial risk of overlapping with facts and issues likely to arise in the arbitration of plaintiffs' declaratory judgment claim") *and Biomet, Inc. v. Fields*, No. 3:07-CV-346RM, 2007 WL

4256033, at *4 (N.D. Ind. Nov. 28, 2007)(staying non-arbitrable claim pending arbitration when all claims relied on the same alleged misconduct).

WFA also specifically directs this Court to *Grant v. Performance Contracting, Inc.*, No. 317CV00008RLYMPB, 2017 WL 3130957, at *3 (S.D. Ind. July 24, 2017) to support a stay here. There, the defendant subcontracted with the plaintiff to complete a portion of the work to construct a hotel and conference center in Evansville, Indiana. *Id.* at *1. The plaintiff alleged that the defendant failed to pay it for the work completed, prompting the plaintiff to file a seven-count complaint alleging race discrimination under 42 U.S.C. § 1981, breach of contract, unjust enrichment, promissory estoppel, fraudulent inducement, and foreclosure. *Id.* at *1 n.1. The defendant subsequently moved to compel arbitration, which the court granted as to all claims other than the plaintiff's race discrimination claim. Although the court found that plaintiff's § 1981 race discrimination claim was not arbitrable, the court did find that a stay of this claim pending arbitration was appropriate. The court reached this decision because the discrimination claim was "premised on the same facts as those which form the basis of" the arbitrable claims—the defendant's alleged failure to pay. *Id.* at *3. Thus, arbitration would resolve the "pivotal issue" involved in all the plaintiff's claims. *Id.*

Here, like in *Grant*, the same underlying assertion supports both of McClatchey's claims—that WFA's statements on his revised Form U5 were false. McClatchey tries to distinguish *Grant* by contending that his claims do not hinge on the same issue because he does not have to show falsity to prevail on his retaliation claim. But the Court cannot agree. "[T]he Seventh Circuit cautioned courts to avoid the risk of inconsistent rulings

7

on arbitrable *issues*, not simply arbitrable claims." *WMS Gaming*, 31 F. Supp. 3d at 978 (emphasis in original). McClatchey has plainly alleged that WFA added false statements to his Form U5 in retaliation for his filing of discrimination complaints. Arbitration of the defamation claim will address whether WFA's statements were false. Absent a stay, the Court would also need to address McClatchey's allegations that WFA's statements were false—"thereby interfering with the arbitrator's prerogatives" on the defamation claim. *G&G*, 2017 WL 1079241, at *11. Thus, the Court can only find that there is "[a] substantial risk of inconsistent rulings on a factual question central to the dispute" here, regardless of McClatchey's disagreement as to "which elements of the claims and defenses those questions are material." *Id.* at *10.

### III. Conclusion

For these reasons, WFA's Motion to Compel Arbitration and to Stay Proceedings is **GRANTED**. [DE 14]. As agreed by the parties, McClatchey's defamation claim must be submitted to arbitration. The balance of this case, which consists of McClatchey's retaliation claim, is also **STAYED** pending the outcome of arbitration. The parties are further **ORDERED** to file a joint status report regarding the progress of arbitration no later than **July 8, 2024**, so that the Court may determine whether the stay should be lifted or extended.

**SO ORDERED** this 6th day of March 2024.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

8